The UNITED STATES, Appellant,

v.

SERVICE VENTURES, INC., Appellee.

No. 89–1250.

United States Court of Appeals,
Federal Circuit.

March 20, 1990.

Allen D. Bruns, Dept. of Justice, Washington, D.C., argued for appellant. Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Mary M. Mitchelson, Asst. Director and Hillary A. Stern, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., were on the brief for appellant.

Marc A. Boman, Perkins Coie, Seattle, Wash., argued for appellee.

Before NEWMAN, BISSELL,* and MICHEL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 et seq., the United States appeals the decision of the Armed Services Board of Contract Appeals ("the Board"), granting a price adjustment to Service Ventures Inc. for increased costs incurred for vacation pay benefits during a contract renewal option period.[1] We affirm.

### Background

Service Ventures entered into a contract to provide certain guard services to the Department of the Navy for a fixed price over a one-year period ("the base period"). The contract contained an option clause whereby the government could elect to extend the term of the contract, as follows:

The Government may extend this contract for an additional period of one to twelve months at the same price, subject to labor rate adjustments that may be required by the "Fair Labor Standards Act and Service Contract Act—Price Adjustment (Multi–Year and Option Con-

---

* Circuit Judge Jean Bissell, who died on February 4, 1990, participated in the consideration but not in the decision of this case.

1. *Service Ventures, Inc.,* ASBCA No. 36726, 89–1 BCA ¶ 21,264, 1988 WL 113177 *aff'd on reconsid.,* 89–1 BCA ¶ 21,438, 1988 WL 142347 (1988).

tracts)" clause of this contract.... If the Government exercises this option, the contract as renewed shall be deemed to include this option provision. However, the total duration of this contract, including the exercise of any options under this clause, shall not exceed 36 months.

The Fair Labor Standards Act and Service Contract Act—Price Adjustment clause ("the FLSA clause") of the contract was as follows:

(a) The Contractor warrants that the prices set forth in this contract do not include any allowance for any contingency to cover increased costs for which adjustment is provided under this clause.

\* \* \* \* \* \*

When, as a result of (i) the Department of Labor determination of minimum prevailing wages and fringe benefits applicable at the beginning of the renewal option period, or (ii) an increased or decreased wage determination otherwise applied to the contract by operation of law, or (iii) an amendment to the Fair Labor Standards Act enacted subsequent to award of this contract, affecting the minimum wage, which becomes applicable to this contract under law, the Contractor increases or decreases wages or fringe benefits of employees working on this contract to comply therewith, the contract unit price labor rates will be adjusted to reflect such increases or decreases.

The contract included Department of Labor Wage Rate Determination ("WRD") 73–1239 (Rev. 16) of 19 July 1985, which provided that employees shall receive:

2 weeks paid vacation after 1 year of service with a contractor or successor; 3 weeks after 5 years. Length of service includes the whole span of continuous service with the present (successor) contractor, wherever employed, and with predecessor contractors in the performance of similar work at the same Federal facility.

On January 30, 1987, the government exercised its option to extend the contract for the first option year, and included WRD 73–1239 (Rev. 18) of 8 December 1986 as applicable to the option year. The provisions of WRD 73–1239 (Rev. 16) and (Rev. 18) are identical with respect to vacation pay requirements.

In response to the government's request, Service Ventures supplied a cost proposal for the option year which included an additional amount for vacation pay. Service Ventures states that it had not included in its initial bid any amount for vacation pay because it had planned to hire all new employees, explaining that it sought to hire economically disadvantaged persons in accordance with the Job Training Partnership Act. New employees would not be entitled to vacation pay for the base period, under the WRD. Service Ventures was unable to hire all new employees, and therefore retained fifteen employees of the predecessor contractor. Service Ventures paid these fifteen carry-over employees vacation pay during the base period in accordance with the WRD, but made no claim for vacation pay for these employees for the base period. However, these employees were included in the claim for vacation pay for the option year.

Because its employees became entitled to vacation pay during the renewal option year, Service Ventures requested an adjustment for these costs. The Board held that the vacation pay that Service Ventures was required to pay and did pay in the renewal option year was in accordance with the FLSA clause, and that Service Ventures was entitled to a price adjustment for this amount.[2] The government appeals.

### Discussion

■ The Board followed its decision in *Government Contractors, Inc.*, ASBCA No. 24112, 80–1 BCA ¶ 14,281, *aff'd on reconsid.*, 80–1 BCA ¶ 14,454 (1980), wherein the Board held that a contractor was

---

2. The Board also held that no adjustment was due for vacation pay during the renewal year to any of the fifteen carry-over employees who were entitled to vacation pay during the base period, unless the vacation pay for those employees increased during the option year pursuant to the applicable WRD. Service Ventures does not contest this holding.

entitled to a price adjustment for vacation pay accrued during a contract renewal (at government option) period. The Board stated that the issue was "virtually identical to this appeal".

The government argues that the *Government Contractors* holding is contrary to that of an earlier Board decision in *Ajay Maintenance Co.*, ASBCA No. 19354, 74–2 BCA ¶ 10,830 (1974). The Board points out that in *Ajay* the contractor's increase in vacation pay resulted from its own seniority and vacation plan and was not incurred due to compliance with a WRD. It is undisputed that in Service Ventures' case, the vacation pay was required for compliance with the WRD. The Board's precedent in *Government Contractors* is apt, and the Board correctly followed it.

The government relies on the Comptroller General's decision in *IBI Security Services, Inc.*, B–217069, 85–1 CPD ¶ 473 (1985), which upheld a contracting officer's decision to reject a bid that did not include a factor for increases in vacation pay in option years. The Comptroller General concluded that the FLSA clause did not permit a price adjustment for such increases in pay, but only for increases "if the contractor is compelled to increase employees' wages to comply with a minimum wage change mandated by the Department of Labor". 85–1 CPD ¶ 473 at 4.

This interpretation does not comport with the FLSA clause, which provides an adjustment for increased costs resulting from "the Department of Labor determination of minimum prevailing wages and fringe benefits applicable at the beginning of the renewal option period". The Board correctly held that the FLSA clause is not limited to an intervening change in the minimum wage and covers the vacation benefits paid by Service Ventures. These benefits were due entirely to the WRD applicable at the beginning of the renewal option period and were required to be paid in accordance with the FLSA clause.

The government asserts that the Comptroller General's opinion requires that Service Ventures should have inflated its first year's bid to accommodate the possibility that the Navy would exercise its renewal option. However, Service Ventures was prohibited, by part (a) of the FLSA clause, from including contingency costs that would be covered in a price adjustment for the renewal option year pursuant to the FLSA clause.

■ The government also argues that the increase in costs due to vacation pay is not a "contingency" because vacation pay is dependent on the seniority level of Service Ventures' employees, and such seniority is within Service Ventures' control. The government appears to argue—for we can discern no other explanation for its position—that because Service Ventures could have terminated its employees after one year but did not do so, it is not entitled to recover for the vacation pay mandated by the WRD. We deem this argument, if not frivolous, certainly unpersuasive.

The law and policies underlying government procurement are served by the Board's holding that the FLSA clause, which prohibits including contingency costs, authorizes recovery of actual WRD cost increases incurred during option renewal periods. The decision of the Board is

AFFIRMED.